IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MELISSA RUSSELL, AND ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiff*,<br><br>v.<br><br>EQHEALTH SOLUTIONS, INC.,<br><br>*Defendant*. | No. 3:19-cv-00005-SDD-EWD |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL OF ACTION**

Plaintiff Melissa Russell ("Plaintiff Russell"), individually and on behalf of the Opt-in Plaintiffs who have joined this litigation (the "Opt-in Plaintiffs"), and Defendant eQHealth Solutions, Inc. ( "Defendant") (Plaintiff Russell, the Opt-in Plaintiffs and Defendant are collectively referred to as the "Parties) file this Joint Motion for Approval of their Collective Action Settlement. The Parties' agreement, as set forth in the Joint Stipulation of Settlement (the "Agreement" or "Settlement Agreement"), attached hereto as Exhibit 1, represents a reasonable compromise of disputed FLSA claims and provides substantial relief to Plaintiff Russell and Opt-in Plaintiffs. The Agreement was reached by competent and experienced counsel with the assistance of a private mediator. The Parties therefore request that this Court approve the Settlement Agreement as a fair and reasonable resolution of a bona fide dispute.

**I.   Facts And Procedural History**

Plaintiff Russell filed this collective action on behalf of herself and other similarly situated employees on January 7, 2019, alleging that Defendant violated the FLSA by classifying her and other Care Management Employees as exempt, paying them a salary and failing to pay them overtime for all overtime hours worked. ECF 1. Defendant answered Plaintiff Russell's complaint, denying that it

misclassified Plaintiff Russell as exempt from the FLSA. ECF 25. On March 31, 2019, Plaintiff Russell filed her First Amended Collective Action Complaint. ECF 27. On April 31, 2019, Defendant filed its Answer to the First Amended Complaint. ECF 32.

On March 31, 2019, Plaintiff Russell filed her Motion for Notice to Potential Plaintiffs and Conditional Certification. ECF 28. After negotiations between counsel, the Parties agreed to file a Consent Motion to Conditionally Certify Class and Approve Notice to Potential Plaintiffs. ECF 37. On May 9, 2019, the Court granted the Parties' Motion, granting conditional certification to the following group of potential plaintiffs:

> Defendant's current and former non-managerial employees paid on a salary basis who may have worked more than 40 hours in at least one workweek between March 19, 2016 and the date of this Order without receiving overtime pay and whose job titles were "Care Coordinator," "Pediatric Care Coordinator," "Utilization Review Nurse," "Utilization Review Coordinator," "Utilization Reviewer," "Clinical Reviewer, " "First Leve l Reviewer," or other non-managerial positions within Defendant's "Care Coordination" or "Utilization Management" job families containing the terms "coordinator," "utilization " or "reviewer " in the job title, and whose job duties included a combination of asking standardized questions to collect member data, inputting member data into Defendant's computer system , using established guidelines to maximize utilization of plan resources through application of predetermined criteria, providing information regarding plan benefits, working with members and providers to set up medical care, or other similar work ("the Putative Class Members ").

ECF 38. Plaintiffs' Counsel sent notice to a total of 232 potential plaintiffs. This case involves the claims of a total of 63 plaintiffs, including Plaintiff Russell.

On August 2, 2019, the Parties filed a Joint Motion to Stay the litigation for 120 days to allow them to exchange pay records, calculate damages and attend private mediation. Defendant produced payroll information for each of the 63 Opt-in Plaintiffs, including timesheets showing recorded hours of work, and compensation earned. *See* Declaration of Jack Siegel, ¶¶ 4-6, attached hereto as Exhibit 2 (herein "Ex. 2, Siegel Decl., ¶¶ 4-6"). Based on those documents, the Parties calculated the amounts Plaintiff Russell and each Opt-in Plaintiff would be entitled to receive in the event the Court ruled they had been misclassified as exempt from the overtime requirements of the FLSA. *Id.*

2

After several weeks of information exchange, discussion, and preliminary negotiations, the Parties mediated the case with the Honorable Daniel E. Knowles III on October 24, 2019. *Id.* at ¶ 4. The mediation was successful, and the Parties agreed to settle the case pursuant to the terms of the Agreement.

## II.     Summary Of Settlement Terms

Pursuant to the terms of the settlement, Plaintiff Russell and the Opt-in Plaintiffs will receive payments ranging from $100.00 to $17,320.83, depending upon their length of employment with Defendant and their rate of compensation, even after the payment of attorneys' fees and costs. *Id.* at ¶ 7. The average Settlement Award will be $7,111.25. *Id.*. The Total Settlement Amount represents 100% of the overtime compensation Plaintiff Russell and the Opt-in Plaintiffs are owed if they worked 9.26 overtime hours in each week they worked going back three years from the time they joined the litigation, plus any work weeks that were tolled as part of the Court's March 19, 2019 order. *Id.*

In addition, Plaintiff Russell will receive $7,500.00, an amount equal to approximately one percent (1%) of the total settlement payment, as a Service Award for her assistance in preparing pleadings, providing detailed disclosure information, producing documents related to the case, submitting to multiple extensive interviews with counsel, and assisting in settlement discussions on behalf of the class. *Id.* at ¶ 8. This incentive award is reasonable, and fair based on the efforts put forth by Plaintiff Russell and the excellent result she helped obtain for the Opt-in Plaintiffs. *Id.*

Finally, in addition to the payments to Plaintiff Russell and Opt-in Plaintiffs described above, Plaintiffs' Counsel will be paid attorneys' fees in the discounted amount of $233,333.33,[1] and litigation

---

[1]     Through November 20, 2019, Plaintiffs' counsel's lodestar amounts to $250,397.90. or a negative multiplier of 6.8%. In addition, Plaintiffs' counsel has a representation agreement that provides for a 40% contingent fee. Plaintiffs' counsel discounted their fees to 33% of the Gross Settlement Amount, or by more than $46,000. Ex. 2, Siegel Decl., ¶ 9

costs not to exceed $5,158.22. *Id.* at ¶ 9. An itemization of what Plaintiff Russell and each Opt-in Plaintiff will receive is attached as Exhibit 1, Attachment A.

### III.     The Court Should Approve The FLSA Settlement

#### A.     Standard for Approval

The Fifth Circuit has held, with limited exceptions, that settlement of claims brought under the FLSA requires court approval. *Bodle v. TXL Mortg. Corp.,* 788 F.3d 159, 164-65 (5th Cir. 2015), citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). The Court should approve the Parties' settlement if it determines that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Rosa v. Gulfcoast Wireless, Inc.,* No. 18-4577, 2018 WL 6326445, at *1 (E.D. La. Dec. 3, 2018) citing *Bodle,* 788 F. 3d at 164; *see also Kaesemeyer v. Legend Mining USA, Inc.,* No. 6:17-CV-01520, 2019 WL 4316859, at *3 (W.D. La. Sept. 11, 2019); *Smith v. Manhatten Mgmt. Co., LLC,* No. 14-2623, 2016 WL 915272, at *2 (E.D. La. Mar. 10, 2016).

#### B.     The Settlement Resolves a Bona Fide and Contested Dispute

Defendant contested the FLSA overtime claims asserted by Plaintiff Russell and the Opt-in Plaintiffs on multiple fronts. Defendant denied that the overtime requirements of the FLSA were applicable to Plaintiff Russell and the Opt-in Plaintiffs, denied that Plaintiff Russell and the Opt-in Plaintiffs were similarly situated, disputed the number of hours that Plaintiff Russell and Opt-in Plaintiffs alleged to have worked, and denied that Plaintiff Russell and the Opt-in Plaintiffs were owed overtime wages under the FLSA. Def.'s Answer and Affirm. Defenses, ECF No. 32, ¶¶ II.25, 34, 45-46, 55; Ex. 2, Siegel Decl., ¶ 5. Thus, the Court should find that the Settlement Agreement is the product of a bona fide and contested dispute between the parties. *See Rosa,* 2018 WL 6326445, at *1 (bona fide dispute existed when the defendant answered the complaint with plausible defenses); *Blake v. Supreme Serv. & Specialty Co., Inc.,* No. 2:16-cv-012713-SM-JCW, 2017 WL 1494497, at *3 (E.D. La. April

4

26, 2017) (finding a bona fide dispute when the defendant alleged plaintiffs were subject to the FLSA's executive exemption).

    C.    **The Proposed Settlement is Fair and Reasonable**

The Settlement Agreement was reached after several weeks of arms-length negotiations between experienced counsel culminating in private mediation on October 24, 2019. Ex. 2, Siegel Decl., ¶¶ 2, 4. During the course of those negotiations, Defendant produced, and the Parties analyzed weekly timesheets and compensation data for Plaintiff Russell and each of the Opt-in Plaintiffs. *Id.*, ¶ 4. "Each party has thus been able to assess its opponent's case and the possible extent of damages." *Rosa,* 2018 WL 6326445, at *2 (approving FLSA settlement). The case presented numerous and vigorously contested issues related to the FLSA classification of Plaintiff Russell and Opt-in Plaintiffs, the proper limitations period applicable to the FLSA claims, and whether certain legal defenses provided Defendant with a complete or partial defense to liability. *Id.* at ¶ 5. The fact that the "settlement is a negotiated result of an adversarial proceeding is an indication of its fairness" and supports the "strong presumption in favor of finding a settlement fair." *Blake,* 2017 WL 1494497, at *3 citing *Domingue v. Sun Electric & Instrumentation, Inc.,* No. 09-682, 2010 WL 1688793, at *1 (E.D. La. Arp. 26, 2010).

Further, the Total Gross Amount provides Plaintiff Russell and Opt-in Plaintiffs with substantial recovery—100% of their overtime wages owed, assuming they worked 49.26 hours of overtime during each and every workweek in their applicable limitations periods. Ex. 2, Siegel Decl., ¶ 7. Even after the payment of attorneys' fees and costs, settlement administration costs, and the service payment, Plaintiff Russell and the Opt-in Plaintiffs are receiving over 63% of their owed overtime wages. *Id.* Inasmuch as Defendant denied that Plaintiff Russell and the Opt-in Plaintiffs were entitled to overtime at all and the Parties

5

disputed the number of hours worked by Plaintiff Russell and Opt-in Plaintiffs each week, this is an excellent result. *Id.* at ¶¶ 5-6.

Likewise, the Agreement removes the risk of further litigation, including decertification of the FLSA collective and the possibility of losing at summary judgment or trial. These factors, in conjunction with Plaintiff Russell and Opt-in Plaintiffs' Counsel's support of the Settlement Agreement, weigh heavily in favor of a finding that the Settlement Agreement is a fair and reasonable compromise.

### IV. Conclusion

The Settlement Agreement is a fair and reasonable compromise of a bona fide wage-and-hour dispute between the Parties. The Parties therefore respectfully request that the Court approve the Agreement and enter the proposed Order Approving Collective Action Settlement and Dismissal. Dated: December 3, 2019.

**AGREED AS TO FORM AND SUBSTANCE:**

| **RESPECTFULLY SUBMITTED,** | **ADAMS AND REESE LLP** |
|---|---|
| */s/ Michael A. Mahone, Jr.* | */s/ Kellen J. Mathews*  (with consent) |
|  | Kellen J. Mathews    (#31860) |
| MICHAEL A. MAHONE, JR. | Justin A. Jack   (#36508) |
| Louisiana Bar No. 32567 | 450 Laurel Street, Suite 1900 |
| The Mahone Firm LLC | Baton Rouge, Louisiana  70801 |
| 5190 Canal Blvd., Suite 102 | Telephone:  (225) 336-5200 |
| New Orleans, LA 70124 | Facsimile:    (225) 336-5220 |
| Telephone: (504) 564-7342 | E-mail: kellen.mathews@arlaw.com |
| Facsimile: (504) 617-6474 | Email:  justin.jack@arlaw.com |
| Email: mike@mahonefirm.com |  |
|  | */s/ Scott Hetrick* (with consent) |
|  | R. Scott Hetrick admitted *pro hac vice* |
| DOUGLAS M. WERMAN | ADAMS AND REESE LLP |
| MAUREEN A. SALAS | 11 North Water St., Ste.23200 |
| Werman Salas P.C. | Mobile, Alabama 36602 |
| 77 West Washington, Suite 1402 | Telephone (251) 433-3234 |
| Chicago, Illinois 60602 | Facsimile (251) 438-7733 |
| Telephone: (312) 419-1008 | Email scott.hetrick@arlaw.com |

| | |
|---|---|
| Facsimile: (312) 419-1025<br>Email: dwerman@flsalaw.com<br>Email: msalas@flsalaw.com<br><br>TRAVIS M. HEDGPETH<br>Texas Bar No. 24074386<br>The Hedgpeth Law Firm, PC<br>3050 Post Oak Blvd., Suite 510<br>Houston, Texas 77056<br>Telephone: (281) 572-0727<br>Facsimile: (281) 572-0728<br>Email: travis@hedgpethlaw.com<br><br>JACK SIEGEL<br>Texas Bar No. 24070621<br>Siegel Law Group PLLC<br>2820 McKinnon, Suite 5009<br>Dallas, Texas 75201<br>Telephone: (214) 790-4454<br>Email: Jack@siegellawgroup.biz<br><br>**ATTORNEYS FOR PLAINTIFFS** | **COUNSEL FOR DEFENDANT,<br>EQHEALTH SOLUTIONS, INC.** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record through the Court's ECF system as of the date file-stamped thereon.

*/s/ Michael A. Mahone, Jr.*

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiff's counsel conferred with Defendant's counsel as to the relief requested herein and was informed that Defendant agreed to/is unopposed to the relief sought.

*/s/ Michael A. Mahone, Jr.*